**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JONATHAN EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-928-GPM |
| ) | |
| MICHAEL P. RANDLE, Director of Illinois ) | |
| Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 2), for appointment of counsel (Doc. 3), and for service of process at government expense (Doc. 4). On November 4, 2009, Plaintiff filed this *pro se* civil complaint under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e and 2000e-5, claiming race and disability discrimination. Notably, Plaintiff used a standard form supplied by this Court for *pro se* Title VII employment discrimination cases; however, disability discrimination is not covered by Title VII. Therefore, the Court construes the basis of Plaintiff's disability claim as the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989).

In this case, Plaintiff's declaration in support of his motion for leave to proceed *in forma pauperis* reveals that (1) he is not currently employed; (2) in the past 12 months, he has received unemployment benefits of $1,200.00 per month and has not received any money from any other sources; (3) he does not own any cash or have money in a checking or savings account; (4) he does not currently own any real property although he is attempting to buy a house; (5) he does not own an automobile; and (5) his mother and father are dependent upon him for support. Based upon the foregoing information, the Court finds Plaintiff to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

As an additional matter, the Court has reviewed Plaintiff's complaint and finds that, at this time, the action does not appear to be frivolous or malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or fact to support his claim for relief). However, the Court notes that while it is clear that Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) claiming race and disability discrimination, it is not clear whether he filed this action within 90 days of receipt of his right to sue letter. The Court cannot, at this time, find that Plaintiff failed to fully comply with the administrative filing requirements. *See, e.g., Prince v. Stewart*, 580 F.3d 571 , 574 (7th Cir. 2009) (recognizing that defendants have the burden of proving that a suit is untimely); *Covington v. Illinois Sec. Svc., Inc.*, 269 F.3d 863, (7th Cir. 2001) (finding that question when claimant received the right to sue letter is a factual determination appropriate for resolution under Federal Rule of Civil Procedure 56 rather than Rule 12(b)(6)). Consequently, at this time, the Court cannot find that this action is frivolous or malicious.

For the foregoing reasons, Plaintiffs' motions for leave to proceed *in forma pauperis* (Doc. 2)

and for service of process (Doc. 4) are **GRANTED** as to this Court only.  The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and a form USM-285 using the information provided by Plaintiff in his motion for service of process at government expense (*see* Doc. 4); the Clerk **SHALL** issue the completed summons.  Unless service is waived pursuant to Federal Rule of Civil Procedure 4(d), the United States Marshal **SHALL**, pursuant to Rule 4, personally serve upon Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies thereof to the United States Marshal's Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or upon Defendant's attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or Defendant's counsel.  Any paper received by a District Judge or a Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

Having granted the motion for leave to proceed *in forma pauperis*, the Court turns to Plaintiff's motion for appointment of counsel (Doc. 3).  As a preliminary matter, civil litigants do not have a constitutional or statutory right to counsel.  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  However, under 28 U.S.C. § 1915(e)(1), this Court has discretion to request counsel to represent indigent litigants in appropriate cases.  As a threshold matter, the Court must find that either the indigent litigant made reasonable efforts to retain private counsel, but was unsuccessful, or the indigent plaintiff was effectively precluded from making such efforts.  *Jackson v. County of*

*McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). After this threshold inquiry is satisfied, the Court asks, "given the difficulty of the case, does the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel make a difference in the outcome?" *Zarnes*, 64 F.3d at 288. The two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself is necessarily intertwined: "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

Under the circumstances involved in this case, the Court finds that it would not be appropriate to appoint counsel for Plaintiff at this time. As a preliminary matter, Plaintiff failed to allege in the motion that he has attempted to retain private counsel in this case or that he was effectively precluded from doing so (*see* Doc. 3). Notably, however, at the time Plaintiff filed his motion, the form motion supplied by this Court did not include space for such information. Thus, the Court considers the ultimate question: "Whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. At this time, Plaintiff appears competent to present his claim. He requested a copy of his file from the EEOC and appears to have attached much, if not all, of it to his complaint (*see* Doc. 1). Presence of counsel likely would not make a difference at this time; however, the Court has discretion to recruit pro bono counsel at a later time if it is warranted. *See Pruitt*, 503 F.3d at 658. Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** at this time.

Because Plaintiff is proceeding *pro se*, he is under an obligation to keep the Clerk of Court and opposing counsel informed of his address. A notice of change of address must be filed within

7 days of any such change occurring.  Plaintiff's failure to update the Court with such information will result in dismissal of this action under Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED.**

DATED:  02/25/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
